# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| LORENZO BUNCH, JR., #367527, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : CIVIL ACTION NO. 2:09cv395 |
| | : |
| GENE M. JOHNSON, | : |
| | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner, LORENZO BUNCH, JR. ("Bunch"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is presently incarcerated at the Powhatan Correctional Center in State Farm, Virginia serving a sentence of 26 years on charges of possession with intent to distribute both crack cocaine and marijuana.

Bunch was convicted by a Norfolk Circuit Court jury on March 28, 2006. He was sentenced and judgment entered on the conviction July 21, 2006. Bunch appealed his conviction to the Virginia Court of Appeals arguing that the trial court erred in failing to suppress evidence seized during a pat-down search of his person prior to arrest. The Court of Appeals affirmed his

---

[1] The petition was originally referred by a United States District Judge to United States Magistrate Judge James E. Bradberry. As a result of Judge Bradberry's retirement, the matter was reassigned to United States Magistrate Judge Douglas E. Miller, his duly appointed successor.

conviction in a detailed written opinion on April 8, 2008. Bunch also filed a petition for review in the Supreme Court of Virginia, which was refused September 23, 2008.

Following his direct appeal, Bunch filed a petition for habeas corpus relief in the Circuit Court for the City of Norfolk on November 18, 2008. The Norfolk petition alleges grounds identical to those raised in this action. Specifically, Bunch alleged then, and reiterates now, the following constitutional claims:

1.  Officers violated Petitioner's Fourth Amendment rights in seizing marijuana and crack cocaine during a pat-down search.

2.  Petitioner's attorney provided constitutionally ineffective assistance in conducting the suppression hearing prior to trial.

3.  The prosecutor violated due process in failing to disclose exculpatory evidence.

4.  The trial judge improperly interfered with the Petitioner's pro sé trial of his case and misinformed the jury concerning the sentencing.

5.  The Petitioner's sentence constituted cruel and unusual punishment.

6.  Petitioner's appellate counsel was constitutionally ineffective in presenting arguments on the suppression motion.

7.  The Motion to Withdraw made by Petitioner's appellate counsel was improperly denied by the Court of Appeals.

In a written Order entered January 29, 2009, the Norfolk Circuit Court dismissed the state habeas pleading. The Court found Claims 1, 3, 4, 5 and 7 could have been raised on appeal, and as a result, the Court declined to reach the merits of those claims pursuant to *Slayton v. Parrigan*, 125 Va. 27, 205 S.E. 2d 680 (1974). The Court also briefly considered the merits of Bunch's ineffective assistance claim and ruled that he had not shown that his attorney was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). As a result, the Court dismissed Bunch's habeas petition.

Almost three months after the Circuit Court dismissed his habeas petition, on April 20, 2009, Bunch filed a document styled "Petition for Appeal" with the Supreme Court of Virginia. Bunch later moved for an extension of the time to file a Notice of Appeal. The Court denied the Motion for Extension and dismissed Bunch's appeal of the state habeas dismissal on July 1, 2009, as a result of his failure to timely file a Notice of Appeal.

## ANALYSIS

Bunch's federal petition alleges claims identical to those raised in his state filing. The state court dismissed five of the claims on the basis that Bunch could have pursued them on direct appeal. Only one of these five grounds, the Fourth Amendment claim related to the pat-down search, was actually pursued on direct appeal and thus presented to the Supreme Court of Virginia for review. Thus, the Fourth Amendment claim has been exhausted. However, Bunch may not relitigate that claim in this federal habeas petition, as he had a full and fair opportunity to litigate the claim in state court. The remaining claims are procedurally defaulted. Bunch has not alleged any basis to excuse the procedural default and as a result the undersigned recommends the federal petition be dismissed.

I.      Petitioner fully and fairly litigated his claimed Fourth Amendment violations in state court.

Bunch's first ground for relief alleges that the arresting officer violated his Fourth Amendment rights in conducting a pat-down search of his person following his detection of the odor of marijuana, and other observations concerning the defendant's behavior. This ground was dismissed by the Circuit Court on the basis that Bunch had an opportunity to pursue it on direct appeal. *See Slayton v. Parrigan,* 125 Va. 27, 205 Va. 27, 205 S.E. 2d 680 (1974). Bunch's direct appeal to the Court of Appeals was based on this alleged constitutional defect. Bunch also presented the alleged Fourth Amendment violation to the Supreme Court of Virginia in a Petition for Appeal which that Court refused. The claim is therefore exhausted, however, because Bunch had a full opportunity to litigate his Fourth Amendment claims in state court, he may not raise them by way of federal habeas review.

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that Fourth Amendment claims arising from an alleged illegal search may not be relitigated in federal habeas proceedings if the defendant has had a full and fair opportunity to litigate the claims in state courts. *Boggs v. Bair*, 892 F. 2d 1193, 1199 (4th Cir. 1989); *Grimsley v. Dodson*, 696 F. 2d 303 (4th Cir. 1982). Here, Bunch had three opportunities to litigate his Fourth Amendment claims. The trial court conducted an evidentiary hearing on his trial attorney's motion to suppress the seized drugs. Following his conviction, Bunch appealed the Fourth Amendment issue to the Court of Appeals, which issued a carefully-reasoned five-page opinion affirming the trial court's action. Finally, Bunch's appellate counsel filed a petition for review with the Supreme Court of Virginia which was refused on July 1, 2009. To raise the claim here, Bunch's habeas petition would have to allege "the reasons he has, and the facts in support thereof, as to why he contends he did not" have a full and fair opportunity to raise the Fourth Amendment claims. *Doleman v. Muncy*, 579 F.2d 1258, 1266 (4th Cir. 1978). The current habeas petition does not allege that Bunch did not have a full and fair opportunity to litigate in state court. The record reveals that he did. Accordingly, ground one of the petition states no basis for federal habeas relief.

II.        The Petitioner's remaining claims are procedurally defaulted.

All of the remaining claims Bunch presented to the Norfolk Circuit Court were dismissed in that forum and Bunch failed to note a timely appeal to the Supreme Court of Virginia.

Before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. *Breard v. Pruett*, 134 F. 3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F. 3d 907, 911 (4th Cir. 1997). Ordinarily, federal courts may not review constitutional claims which a state court declined to consider on the merits so long as the state court's action was based on "an adequate and independent state procedural rule." *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (citing *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000). This Court may not question a state court's finding of procedural default, or examine "whether

the state court properly applied its own law." *Id.* (citing *Barnes v. Thompson,* 58 F.3d 971, 974 n.2. (4th Cir. 1995)). The Norfolk Circuit Court dismissed five of Bunch's seven claims on the authority of *Slayton,* 125 Va. at 29, 205 S.E. 2d at 682. The Fourth Circuit has held that a Virginia Court's procedural dismissal on the authority of *Slayton* is an adequate and independent state procedural ground that can preclude federal habeas review. *Mu' Min v. Pruett,* 125 F. 3d 192, 196-97 (4th Cir. 1997). The Supreme Court of Virginia declined to consider the merits of Bunch's habeas petition because he failed to perfect an appeal of the Circuit Court's denial of those claims. The Supreme Court's application of Rule 5:9(a) governing the procedural dismissal is also an independent and adequate state ground and this Court will not question whether Virginia properly applied it to dismiss Blount's claims. *See Coleman v. Thompson,* 501 U.S. 722, 750; 111 S. Ct. 2546 (1991); *Sparrow v. Director,* 439 F. Supp. 2d 584, 587 – 88 (E.D. Va. 2006).

In certain cases a Petitioner may overcome procedural default and present the defaulted claims for federal review on the merits, by demonstrating cause and prejudice for the default, or that a miscarriage of justice would result from the lack of substantive review. *Coleman.,* 501 U.S. at 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Savino v. Murray,* 82 F. 3d 593, 602 (4th Cir. 1996). In this case, however, Bunch has not alleged, nor does the record establish any claim of cause and prejudice to excuse his procedural default. In addition, his habeas filing does not contend that the procedural default will result in a "fundamental miscarriage of justice," and presents no "new reliable evidence" supporting a claim of actual innocence. *See Sharpe,* 593 F.3d at 377; *Schlup v. Delo,* 513 U.S. 298, 324, (1995).

## RECOMMENDATION

Bunch's Fourth Amendment claims are not properly reviewable following his full opportunity to litigate in state court. The remaining claims are procedurally defaulted and Bunch has presented no factual basis for excusing the default. Accordingly, the undersigned

5

recommends that Bunch's petition for writ of habeas corpus under 28 § U.S.C. 2254 be denied and the matter dismissed.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 24, 2010

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Lorenzo Bunch, Jr., #367527
Powhatan Correctional Center
State Farm, VA 23160

Eugene Paul Murphy
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court


By: _____
Deputy Clerk

March ___, 2010